**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON VUOCOLO, | : | Civil No. 3:12-CV-2434 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| CLINTON COUNTY CORRECTIONAL | : | |
| FACILITY, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.      Statement of Facts and of the Case

This is a civil rights lawsuit filed by a *pro se* prisoner-plaintiff, Brandon

Vuocolo.  In the instant lawsuit Vuocolo has named one institutional party, the

Clinton County Correctional Facility, and one individual corrections official, Warden

Thomas Duran, as defendants.    Fairly construed, Vuocolo's complaint levels

allegations relating to the conditions of his confinement at the Clinton County Prison.

Specifically Vuocolo alleges that the Warden, defendant Duran, ordered him housed

in a cell without water, clothing, a mattress or other amenities for one week, and that

he was further denied showers for ten days.  (Doc. 1.)

Along with his complaint, Vuocolo has sought leave to proceed *in forma*

*pauperis.*  (Doc. 2.)  While we will grant this motion for leave to proceed *in forma*

*pauperis*, (Doc.2.), and recommend that the complaint be served upon defendant Duran, who is alleged to have directly ordered these actions, as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we have carefully reviewed this complaint, and conclude that, in its current form, the complaint fails to state a claim upon which relief can be granted against the Clinton County Correctional Facility as an institutional defendant. Accordingly, for the reasons set forth below, it is recommended that this defendant be dismissed.

## II.    Discussion

### A.    Screening of *Pro Se* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which

provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of</u>

Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic</u> <u>Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>  In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' <u>Iqbal</u>, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' <u>Id.</u> at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' <u>Id.</u>" <u>Santiago v. Warminster Tp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B.  The Clinton County Correctional Facility Is Not a Proper Defendant

Judged against these legal benchmarks, Vuocolo's *pro se* complaint fails to state a claim against the institutional defendant named in this pleading, the Clinton County Correctional Facility. In this case, Vuocolo alleges that Warden Duran ordered him held under harsh conditions of confinement which the plaintiff alleges amounted to cruel and unusual punishment in violation of his Constitutional rights under the Eighth Amendment to the United States Constitution.

As to this legal claim, the constitutional standards are clear: "When an Eighth Amendment claim arises in the context of a challenge to conditions of confinement,

we must determine if prison officials acted with 'deliberate indifference' to the inmate's health.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  The objective inquiry is whether the inmate was 'denied the minimal civilized measure of life's necessities.'  Hudson, 503 U.S. at 9, 112 S.Ct. 995."  Fuentes v. Wagner, 206 F.3d 335, 345 (3d Cir. 2000).  In this setting:

> The Eighth Amendment prohibits punishments inconsistent with "evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958)).  Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)

Atkinson v. Taylor, 316 F.3d 257, 272 (3d Cir. 2003).

Thus, these claims typically require proof of a both culpable state of mind, and objective proof of physical conditions of confinement which shock the conscience and depart from minimal civilized standards of life's necessities.

While we do not opine at this early stage of the litigation regarding whether Vuocolo can state a valid Eighth Amendment claim against defendant Duran, the sole individual defendant named in his complaint, we note that Vuocolo may not maintain a prisoner civil rights action against the county prison as an institution.  Rather, inmate civil rights actions under 42 U.S.C. §1983 may only be brought against: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983 (emphasis added).

Thus, §1983 expressly limits liability to *persons* who violate constitutional rights, a limitation that courts have construed as not reaching county jails as institutions. In short, " the 'County Jail' is not a proper defendant in this § 1983 case[], because it is not a 'person.' See Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J.1989)(stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (D.C.Pa.1976); see also Marsden v. Federal BOP, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill.1993) (Cook County Jail not a 'person' under § 1983); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-94 (E.D.Va.1992) (local jail not a 'person' under § 1983)." Crooks v. Passaic County Sheriff's Dep't/Jail, CIV. 07-0092 (FSH), 2007 WL 923330 (D.N.J. Mar. 26, 2007). See also, Thomas v. Wilbert, CIV.A. 09-4796 GEB, 2011 WL 91001 (D.N.J. Jan. 11, 2011)("County Correctional Institution is not a proper defendant in a § 1983 case and must be dismissed from this action"). This limitation on the reach of proper defendants in an Eighth Amendment conditions of confinement claim compels dismissal of this

particular conditions of confinement claim, as stated in this *pro se* complaint, with respect to the county jail, which is not a proper defendant in a civil rights action brought under §1983.

Having conducted this screening analysis and determined that this complaint fails to name a proper institutional defendant, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, it is clear that a county jail may not be named as a proper institutional party-defendant. Since the complaint fails to state a viable civil rights cause of action against this particular defendant, and the factual and legal grounds proffered in support of the complaint make it clear that the plaintiff has no right to relief against this named institutional defendant, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore it is recommended that the complaint be dismissed without further leave to amend as to defendant Clinton County Correctional Facility.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that this motion for leave to proceed *in forma pauperis*, (Doc.2), be granted and that the

complaint be served upon Defendant Duran, who is alleged to have directly ordered these actions, but that the Plaintiff's complaint should be dismissed with prejudice as to defendant Clinton County Correctional Facility.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of January 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge